## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-CV-61729-DPG

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, )<br><br>      Plaintiff and Counterclaim-<br>      Defendant, )<br><br>  v. )<br><br>BROTHER INTERNATIONAL<br>CORPORATION, )<br><br>      Defendant and Counterclaim-<br>      Plaintiff. ) | **JURY TRIAL DEMANDED** |

### DEFENDANT BROTHER INTERNATIONAL CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT OF PATENT INFRINGEMENT

Defendant Brother International Corporation ("Brother") hereby answers the Complaint of Plaintiff Symbology Innovations, LLC ("Symbology" or "Plaintiff") as follows:

### PARTIES, JURISDICTION AND VENUE[1]

1.      Brother admits that Plaintiff has filed a complaint for patent infringement but denies that Plaintiff's cause of action is valid and that Plaintiff is entitled to injunctive relief or damages.

2.      Brother admits that Plaintiff purports to base jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 3 and therefore denies the same.

---

[1]   For convenience and clarity, Brother's Answer uses the same headings as set forth in the Complaint. In so doing, Brother does not admit any of the allegations contained in Plaintiff's headings.

4.      Admitted.

5.      Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent that an answer is required, Brother denies it has committed any act of infringement. Brother admits that it conducts business in the state of Florida, but denies a cause of action for patent infringement has arisen as a result of its activities. Brother is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and therefore denies the same.

6.      Brother has insufficient knowledge or information to form a belief as to the allegations of Paragraph 6 of the Complaint and therefore denies the same.

7.      Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent an answer is required, Brother admits that Plaintiff purports to base venue under 28 U.S.C. §§ 1391(c) and 1400(b), but denies that this District is the most convenient venue for adjudication of the claims raised by Plaintiff in this action. Brother denies it has committed any act of infringement in this District. Brother is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and therefore denies the same.

<u>**COUNT I**</u>
**(Alleged Infringement of U.S. Patent No. 8,424,752)**

8.      Brother incorporates Paragraphs 1 through 7 of the Answer herein by reference.

9.      Brother admits that Plaintiff has filed a cause of action under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.* but denies that the cause of action is valid.

10.    Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11.    Brother admits that a purported copy of the '752 Patent has been attached to the Complaint and admits that, on its face, the purported copy of the '752 Patent is titled "System And Method For Presenting Information About An Object On A Portable Electronic Device." Brother lacks knowledge sufficient to confirm or deny if the document attached as Exhibit A is a true and correct copy of the '752 Patent. Brother otherwise denies the remaining allegations in Paragraph 11 of the Complaint.

12.    Brother denies that the '752 Patent is valid and enforceable. As to the remaining allegations of Paragraph 12 of the Complaint, Brother has insufficient knowledge or information to form a belief and therefore denies the same.

13.    Denied.

14.    Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15.    Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16.    Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17.    Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18.    Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19.     Brother denies that Plaintiff is entitled to injunctive relief. As to the remaining allegations of Paragraph 19 of the Complaint, Brother has insufficient knowledge or information to form a belief and therefore denies the same.

20.     Denied.

21.     Denied.

## COUNT II
### (Alleged Infringement of U.S. Patent No. 8,651,369)

22.     Brother incorporates paragraphs 1 through 7 herein by reference.

23.     Brother admits that Plaintiff has filed a cause of action under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.* but denies that the cause of action is valid.

24.     Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.     Brother admits that a purported copy of the '369 Patent has been attached to the Complaint and admits that, on its face, the purported copy of the '369 Patent is titled "System And Method For Presenting Information About An Object On A Portable Electronic Device." Brother lacks knowledge sufficient to confirm or deny if the document attached as Exhibit B is a true and correct copy of the '369 Patent. Brother otherwise denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Brother denies that the '369 Patent is valid and enforceable. As to the remaining allegations of Paragraph 26 of the Complaint, Brother has insufficient knowledge or information to form a belief and therefore denies the same.

27.     Denied.

28.     Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29.     Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30.     Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 30 of the Complaint and therefore denies the same.

31.     Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32.     Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33.     Brother denies that Plaintiff is entitled to injunctive relief. As to the remaining allegations of Paragraph 33 of the Complaint, Brother has insufficient knowledge or information to form a belief and therefore denies the same.

34.     Denied.

35.     Denied.

## COUNT III
### (Alleged Infringement of U.S. Patent No. 8,936,190)

36.     Brother incorporates paragraphs 1 through 7 herein by reference.

37.     Brother admits that Plaintiff has filed a cause of action under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.* but denies that the cause of action is valid.

38.     Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39.      Brother admits that a purported copy of the '190 Patent has been attached to the Complaint and admits that, on its face, the purported copy of the '190 Patent is titled "System And Method For Presenting Information About An Object On A Portable Electronic Device." Brother lacks knowledge sufficient to confirm or deny if the document attached as Exhibit C is a true and correct copy of the '190 Patent. Brother otherwise denies the remaining allegations in Paragraph 39 of the Complaint.

40.      Brother denies that the '190 Patent is valid and enforceable. As to the remaining allegations of Paragraph 40 of the Complaint, Brother has insufficient knowledge or information to form a belief and therefore denies the same.

41.      Denied.

42.      Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43.      Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44.      Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45.      Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 45 of the Complaint and therefore denies the same.

46.      Brother has insufficient knowledge or information to form a belief as to the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47.      Brother denies that Plaintiff is entitled to injunctive relief. As to the remaining allegations of Paragraph 47 of the Complaint, Brother has insufficient knowledge or information to form a belief and therefore denies the same.

48.      Denied.

49.     Denied.

## PLAINTIFF'S ALLEGED PRAYER FOR RELIEF

Brother denies that Plaintiff is entitled to any of the relief requested against Brother in Paragraphs (a) through (e) on page 12 of the Complaint.

## JURY DEMAND

Brother acknowledges that Plaintiff purports to demand a trial by jury on all claims so allegedly triable.

## ADDITIONAL DEFENSES

Further answering the Complaint, Brother asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. Brother reserves the right to assert additional defenses that become known through the course of discovery and further litigation in this action.

## FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

50.     Brother has not and does not infringe, contribute to the infringement of, or induce the infringement of any valid claim of the '752, '369, and '190 Patents (the "Asserted Patents"), either literally or under the doctrine of equivalents, and is not liable for infringement thereof.

51.     The Accused Functionality operates in a different manner than the claimed subject matter and does not meet each and every limitation of any claim of the Asserted Patents.

52.     Plaintiff's Complaint fails to allege indirect infringement, including sufficient allegations of knowledge.

## SECOND ADDITIONAL DEFENSE
### (Invalidity)

53.     The claims of the '752, '369, and '190 Patents are invalid and void for, at least, failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, and more particularly, failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and 112.

54.     At least the art of record during the prosecution of the applications leading to the Asserted Patents, as well as the BarPoint.com system, U.S. Patent No. 6,430,554, and U.S. Patent No. 6,651,053 render each claim of the Asserted Patents invalid under 35 U.S.C. §§ 102, 103 because they disclose prior art bar code systems that fully describe the subject matter claimed by the Asserted Patents. Upon information and belief, additional relevant prior art also renders each claim of the Asserted Patents invalid.

55.     One or more claims of the Asserted Patents are invalid under 35 U.S.C. § 112 for indefiniteness and non-enablement because they recite terms whose meaning would not be reasonably certain to one of ordinary skill in the art and because the specification does not provide an adequate description to enable one of ordinary skill in the art to practice the claimed invention.

## THIRD ADDITIONAL DEFENSE
### (Inequitable Conduct)

56.     Plaintiff's attempted enforcement of the '752, '369, and '190 Patents against Brother is barred by the doctrine of inequitable conduct.

57.     Upon information and belief, the named inventor of the Asserted Patents, Leigh Rothschild, was also the founder, chairman, and CEO of BarPoint.com. Similar to the subject matter of the Asserted Patents, BarPoint.com's primary technology, which Leigh Rothschild appears to have developed, involved the scanning of barcodes with a handheld mobile device and transmitting decoded barcode information over the Internet to obtain product

8

information. Leigh Rothschild is listed as the sole inventor for at least three provisional applications disclosing the BarPoint.com system, including: U.S. Provisional No. 60/118,051, filed February 1, 1999 and titled "Interactive Method For Investigating Products"; (2) U.S. Provisional No. 60/187,646, filed March 8, 2000 and titled "Interactive Systems For Investigating Products On A Network Through A Mobile Device"; and (3) U.S. Provisional No. 60/185,546, filed February 28, 2000 and titled "Method Of Verifying Barcode/UPC Numbers Or Other Symbologies And Linking Such Numbers To Information On A Global Computer Network." Several non-provisional applications claiming priority to the above-listed provisional applications, each listing Leigh Rothschild as the sole inventor, were subsequently filed, including: (1) U.S. Patent No. 6,430,554, granted August 6, 2002, and (2) U.S. Patent No. 6,651,053, granted November 18, 2003. Further, on June 30, 2006, Mr. Rothschild filed U.S. Patent Application 2008/0004978, which was subsequently published on January 3, 2008.

58.     Upon information and belief, the BarPoint.com system, the '051 Provisional, '646 Provisional, '546 Provisional, '554 Patent, '053 Patent, or '978 Application are all prior art to the Asserted Patents. However, neither the named inventor of the Asserted Patents, Leigh Rothschild, his assignee Reagan Inventions, LLC, nor their representative disclosed this prior art to the United States Patent & Trademark Office ("USPTO") during the prosecution of the Asserted Patents, or the parent applications to the Asserted Patents.

59.     Upon information and belief, Leigh Rothschild, his assignee Reagan Inventions, LLC, and their representative had material knowledge of this non-cumulative prior art regarding the Asserted Patents and, on information and belief, deliberately withheld this knowledge from the USPTO during prosecution to deceive the examiner and to obtain issuance of the Asserted Patents.

60.     Upon information and belief, Leigh Rothschild, his assignee Reagan Inventions, LLC, and their representative had intent to deceive the USPTO by failing to disclose the BarPoint.com system, which Mr. Rothschild had been instrumental in developing, as well as the '051 Provisional, '646 Provisional, '546 Provisional, '554 Patent, '053 Patent, or '978 Application, which describe the BarPoint.com system and the same technological subject matter claimed in the Asserted Patents.

61.     All claims of the Asserted Patents are unenforceable due to inequitable conduct because one or more of the individuals referenced above, with the intent to deceive the USPTO, failed to comply with the duty of candor to the USPTO, as set forth in 37 C.F.R. § 1.56, during prosecution of the applications that led to the issuance of the Asserted Patents.

### FOURTH ADDITIONAL DEFENSE
**(Patent Ineligibility)**

62.     All claims of the '752, '369, and '190 Patents are patent ineligible under 35 U.S.C. § 101, as explained in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) and its progeny.

63.     In particular, each claim of the Asserted Patents recites the patent ineligible abstract ideas of sending information over the Internet and Internet commerce.

64.     The remaining limitations of the claims either describe generic computer components or routine and conventional activity and are nothing more than improper attempts to limit the claims to the field of computers and Internet commerce.

65.     The recitations of the claims do not solve a problem unique to or necessarily arising from the use of computers or the Internet.

66.     The claims recite nothing more than abstract ideas—here, sending information over the Internet and Internet commerce—and the instruction to "apply it" using computers and the Internet.

67.     The claims of the Asserted Patents attempt to preempt the field of Internet commerce and barcodes through the generic recitation of computer components and the Internet and the vague recitation of terms like "symbology" and "decode string."

## FIFTH ADDITIONAL DEFENSE
### (Limitations on Damages)

68.     Plaintiff's Complaint fails to state a claim against Brother upon which relief may be granted. Further, Plaintiff's ability to recover damages under 35 U.S.C. §§ 286-287 is limited.

69.     Plaintiff fails in its Complaint to identify any products or services that it alleges embody the Asserted Patents and were properly marked with the Asserted Patents.

70.     Upon information and belief, the prior art BarCode.com system embodied the Asserted Patents and was not marked with one or more of the Asserted Patents or their patent applications.

71.     To the extent Plaintiff seeks damages for any alleged infringement committed more than six years prior to the filing date of the complaint, its ability to recover damages is barred by 35 U.S.C. § 286.

## SIXTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

72.     Under the doctrine of prosecution history estoppel, Plaintiff is estopped from asserting the doctrine of equivalents as to the arguments and/or amendments made to obtain allowance of the patent applications that issued as the '752, '369, and '190 Patents.

73.     In particular, Plaintiff is estopped at least with respect to the art of record, such as U.S. App. No. 2007/021626, U.S. App. No. 2007/0291534, U.S. App. No. 2008/0201310, U.S. App. No. 2009/0099961, U.S. App. No. 2010/0280896, and U.S. App. No. 2010/0280960, from asserting the doctrine of equivalents with respect to certain limitations of the claims of the Asserted Patents that were amended or the subject of arguments to obtain allowance during prosecution—*e.g.*, the limitation "detecting symbology."

74.     Plaintiff has waived any equivalents for any limitation, such as the limitation "detecting symbology," that was the subject of an argument that distinguished prior art or a rejection under 35 U.S.C. § 112.

### SEVENTH ADDITIONAL DEFENSE
**(Acquiescence, Unclean Hands, Estoppel, Laches, Waiver)**

75.     Plaintiff's claims are barred in whole or in part pursuant to the doctrines of acquiescence, unclean hands, laches, estoppels, and/or waiver.

76.     Brother incorporates by reference the allegations made in Paragraphs in 56-61 of the Answer.

77.     Plaintiff's claims are barred by the doctrine of unclean hands for the same reasons they are barred by the doctrine of inequitable conduct.

78.     The '752 Patent granted on April 23, 2013, yet Plaintiff waited over three years to bring suit against Brother. As such, Plaintiff's delay in bringing suit is inexcusable.

79.     Upon information and belief, neither Mr. Rothschild nor his representative had previously approached Brother about any alleged infringement of the Asserted Patents or any other patent listing Leigh Rothschild as the named inventor and reciting subject matter substantially similar to the Asserted Patents, such as U.S. Patent No. 6,430,554, and U.S. Patent No. 6,651,053.

80.     To the extent the Asserted Patents cover the Accused Functionality, non-infringing alternatives to subject matter claimed in the Asserted Patents exist, and if Plaintiff had been diligent in informing Brother of any alleged infringement, Brother could have easily substituted one of the non-infringing alternatives for the Accused Functionality.

## EIGHTH ADDITIONAL DEFENSE
### (Limitations on Costs)

81.     Plaintiff is precluded from recovering costs under 35 U.S.C. § 288.

82.     Brother incorporates by reference Paragraphs 53-55 and 62-67 of the Answer.

83.     One or more claims of the Asserted Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Upon information and belief, Plaintiff has not disclaimed these invalid claims before the commencement of the present litigation.

84.     As such, Plaintiff may not recover costs under 35 U.S.C. § 288.

## NINTH ADDITIONAL DEFENSE
### (Failure to Mark)

85.     On information and belief, Plaintiff has failed to mark or cause to be marked patented articles with the numbers of the '752, '369, and '190 Patents.

86.     Plaintiff fails in its Complaint to identify any products or services that it alleges embody the Asserted Patents and were properly marked with the Asserted Patents.

87.     Upon information and belief, the prior art BarCode.com system embodied the Asserted Patents and was not marked with one or more of the Asserted Patents or their patent applications.

88.     Further, to the extent Plaintiff makes or sells any additional services, upon information and belief these services are not properly marked with the Asserted Patents.

89.     35 U.S.C. § 287 precludes Plaintiff from recovering any damages for alleged infringement, if any, that occurred prior to the time it provided the required notice to Brother.

## TENTH ADDITIONAL DEFENSE
### (No Entitlement to Injunctive Relief)

90.      Plaintiff is not entitled to injunctive relief because, at a minimum, any alleged injury to it is not immediate or irreparable, Plaintiff has an adequate remedy at law for any claims it can prove, and an injunction would not serve the public interest.

91.     Upon information and belief, Plaintiff's main business is in the assertion of patents against companies who sell actual products.

92.     Plaintiff has not sought a preliminary injunction.

93.     The public interest would be harmed if the Accused Functionality were enjoined, as such functionality is related to products bought by consumers.

94.     Plaintiff delayed in bringing suit against Brother for over three years, even the '752 Patent granted on April 23, 2013.

## ELEVENTH DEFENSE
### (No Indirect Infringement)

95.     Plaintiff's Complaint fails to allege indirect infringement of the '752, '369, and '190 Patents. To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

96.     Plaintiffs' Complaint seeks relief for "infringement," but Plaintiff does not specifically seek relief for any type of indirect infringement, nor does Plaintiff allege that Brother had knowledge of the Asserted Patents or knowledge of any alleged infringing acts.

## COUNTERCLAIMS

For its Counterclaim against Symbology, Brother states as follows:

## PARTIES

1.      Brother is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Bridgewater, New Jersey.

2.      Symbology has alleged that it is a limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## NATURE OF THE ACTION

3.      According to the allegations set forth in the Complaint, Symbology claims to be the owner of all rights, titles, and interests to the '752, '369, and '190 Patents, including the rights to sue and recover for infringement.

4.      Symbology has accused Brother of infringing one or more claims of the '752, '369, and '190 Patents. Brother denies that any of its products infringe any valid or enforceable claim of the '752, '369, and '190 Patents and that it is liable for any infringement.

5.      An actual case and controversy exists between Brother and Symbology concerning infringement of one or more claims of the '752, '369, and '190 Patents, and that controversy is ripe for adjudications.

6.      The instant action is an "exceptional case" under 35. U.S.C. § 285, entitling Brother to an award of attorney's fees, because Plaintiff is knowingly asserting an invalid and unenforceable patent.

## JURISDICTION AND VENUE

7.      These Counterclaims arise under the Patent Act of 1952 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

8.     To the extent the Court finds that venue is proper in this judicial district for Symbology's claims, venue is proper under 28 U.S.C. §§ 1391 and 1400(b) for Brother's Counterclaims.

9.     This Court has personal jurisdiction over Symbology. Symbology has purposefully availed itself of this Court's jurisdiction by filing the instant Complaint alleging patent infringement by Brother.

## COUNT I
### (Declaration of Non-Infringement)

10.    Brother repeats and incorporates by reference the allegations in Paragraphs 1 through 9 of the Counterclaims as though fully set forth herein.

11.    Brother has not and does not infringe, contribute to the infringement of, or induce the infringement of any valid and enforceable claim of the '752, '369, and '190 Patents, either literally or under the doctrine of equivalents.

12.    Brother does not have the requisite knowledge, either of the '752, '369, and '190 Patents or of any alleged acts of infringement, to be liable for induced infringement or contributory infringement of any valid and enforceable claim of the '752, '369, and '190 Patents.

13.    By reason of the foregoing, a conflict of asserted rights has arisen and a justiciable controversy exists between Symbology and Brother with regard to the allegations of infringement of '752, '369, and '190 Patents.

14.    Brother hereby requests a declaratory judgment adjudicating its rights with respect to the non-infringement of the '752, '369, and '190 Patents.

## COUNT II
### (Declaration of Invalidity)

15.    Brother repeats and incorporates by reference the allegations in Paragraphs 1 through 9 of the Counterclaims as though fully set forth herein.

16.    The '752, '369, and '190 Patents are invalid and void against Brother for, at least, failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.    At least the art of record during prosecution of the Asserted Patents, as well as the BarPoint.com system, U.S. Patent No. 6,430,554, and U.S. Patent No. 6,651,053 render each claim of the Asserted Patents invalid under 35 U.S.C. §§ 102, 103 because they disclose prior art bar code systems that fully describe the subject matter claimed by the Asserted Patents. Upon information and belief, additional relevant prior art also renders each claim of the Asserted Patents invalid.

18.    One or more claims of the Asserted Patents are invalid under 35 U.S.C. § 112 for indefiniteness and non-enablement because they recite terms whose meaning would not be reasonably certain to one of ordinary skill in the art and because the specification does not provide an adequate description to enable one of ordinary skill in the art to practice the claimed invention.

19.    Each claim of the Asserted Patents recites the patent ineligible abstract ideas of sending information over the Internet and Internet commerce.

20.    The remaining limitations of the claims either describe generic computer components or routine and conventional activity and are nothing more than improper attempts to limit the claims to the field of computers and Internet commerce.

21.    The recitations of the claims do not solve a problem unique to or necessarily arising from the use of computers of the Internet.

22.    The claims recite nothing more than an abstract ideas—here, sending information over the Internet and Internet commerce—and the instruction to "apply it" using computers and the Internet.

23.     The claims of the Asserted Patents attempt to preempt the field of Internet commerce and barcodes through the generic recitation of computer components and the Internet and the vague recitation of terms like "symbology" and "decode string."

24.     By reason of the foregoing, a conflict of asserted rights has arisen and a justiciable controversy exists between Symbology and Brother with regard to the allegations of invalidity of the '752, '369, and '190 Patents.

25.     Brother hereby requests a declaratory judgment adjudicating its rights with respect to the invalidity of the '752, '369, and '190 Patents.

<u>**COUNT III**</u>
**(Declaration of Unenforceability for Inequitable Conduct)**

26.     Brother repeats and incorporates by reference the allegations in Paragraphs 1 through 17 of the Counterclaims as though fully set forth herein.

27.     Because Symbology has filed this action and because of the allegations in Brother's Third Additional Defense, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of the '752, '369, and '190 Patents (the "Asserted Patents").

28.     The named inventor, Leigh Rothschild, his assignee Reagan Inventions, LLC, and their representative had material knowledge of non-cumulative prior art regarding the Asserted Patents and, on information and belief, deliberately withheld this knowledge from the USPTO during prosecution to deceive the examiner and to obtain issuance of the Asserted Patents.

29.     Upon information and belief, the named inventor of the Asserted Patents, Leigh Rothschild, was also the founder, chairman, and CEO of BarPoint.com. Similar to the subject matter of the Asserted Patents, BarPoint.com's primary technology, which Leigh

Rothschild appears to have developed, involved the scanning of barcodes with a handheld mobile device and transmitting decoded barcode information over the Internet to obtain product information.

30.     Upon information and belief, the BarPoint.com system was publicly known, offered for sale, and/or used before the invention date of the Asserted Patents. However, neither Leigh Rothschild, his assignee Reagan Inventions, LLC, nor their representative disclosed the existence of the BarPoint.com system to the USPTO during the prosecution of the Asserted Patents, or the parent applications to the Asserted Patents.

31.     Leigh Rothschild is listed as the sole inventor for at least three provisional applications disclosing the BarPoint.com system, including: U.S. Provisional No. 60/118,051, filed February 1, 1999 and titled "Interactive Method For Investigating Products"; (2) U.S. Provisional No. 60/187,646, filed March 8, 2000 and titled "Interactive Systems For Investigating Products On A Network Through A Mobile Device"; and (3) U.S. Provisional No. 60/185,546, filed February 28, 2000 and titled "Method Of Verifying Barcode/UPC Numbers Or Other Symbologies And Linking Such Numbers To Information On A Global Computer Network." Several non-provisional applications claiming priority to the above-listed provisional applications, each listing Leigh Rothschild as the sole inventor, were subsequently filed, including: (1) U.S. Patent No. 6,430,554, granted August 6, 2002, and (2) U.S. Patent No. 6,651,053, granted November 18, 2003. Further, on June 30, 2006, Mr. Rothschild filed U.S. Patent Application 2008/0004978, which was subsequently published on January 3, 2008.

32.     The '051 Provisional, '646 Provisional, '546 Provisional, '554 Patent, '053 Patent, or '978 Application (the "Rothschild Patents") are all prior art to the Asserted Patents. However, neither Leigh Rothschild, his assignee Reagan Inventions, LLC, nor their

representative disclosed the Rothschild Patents to the USPTO during the prosecution of the Asserted Patents, or the parent applications to the Asserted Patents.

33.     The BarPoint.com system and the Rothschild Patents are material to patentability to the claims of the Asserted Patents and not merely cumulative over the prior art of record.

34.     Upon information and belief, Leigh Rothschild, his assignee Reagan Inventions, LLC, and/or his representative knew of the BarPoint.com system and the Rothschild Patents at the time of filing and prosecution of the Asserted Patents, or the parent applications to the Asserted Patents.

35.     Had the BarPoint.com system and the Rothschild Patents been disclosed to the USPTO examiner, none of the allowed claims of the Asserted Patents would have granted.

36.     Upon information and belief, Leigh Rothschild, his assignee Reagan Inventions, LLC, and their representative had intent to deceive the USPTO by failing to disclose the BarPoint.com system, which Mr. Rothschild had been instrumental in developing, as well as the Rothschild Patents, which describe the BarPoint.com system and the same technological subject matter claimed in the Asserted Patents.

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Brother requests a declaration by the Court that all claims of the Asserted Patents are unenforceable due to inequitable conduct because one or more of the individuals referenced above, with the intent to deceive the USPTO, failed to comply with the duty of candor to the USPTO, as set forth in 37 C.F.R. § 1.56, during prosecution of the applications that led to the issuance of the Asserted Patents.

## REQUEST FOR RELIEF

WHEREFORE, in response to Symbology's Complaint and with respect to its own Counterclaims, Defendant Brother respectfully requests that this Court enter a Judgment and Order in its favor against Symbology as follows:

A.     Dismissing with prejudice Symbology's Complaint for Patent Infringement and all claims asserted therein against Brother;

B.     Declaring that Brother has not and does not infringe, contribute to the infringement of, and/or induce the infringement of any valid claim of the '752, '369, and '190 Patents;

C.     Declaring that the accused Brother products have not and do not infringe, contribute to the infringement of, and/or induce the infringement of any valid claim of the '752, '369, and '190 Patents;

D.     Preliminarily and permanently enjoining Symbology, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Brother, its customers, potential customers or partners of Brother, or users of Brother's products and services, any charge of infringement of the '752, '369, and '190 Patents;

E.     Declaring that the claims of the '752, '369, and '190 Patents are invalid and void;

F.     Declaring that the claims of the '752, '369, and '190 Patents are unenforceable;

G.     Entering an award to Brother of its attorney fees and expenses under 35 U.S.C. § 285;

H.      Entering an award to Brother of costs incurred in connection with this action;

I.      Granting to Brother further relief as the Court may deem proper and equitable under the circumstances.

## JURY DEMAND

With respect to its Counterclaim, Brother hereby demands a jury trial on all issues so triable.

Respectfully submitted,

By: /s/ Darrell Payne                        John T. Moehringer, Esq.
Darrell Payne, Esq.                          (admitted pro hac vice)
Florida Bar No. 773300                       John.Moehringer@cwt.com
E-mail: dpayne@stearnsweaver.com             Michael B. Powell, Esq.
Stearns Weaver Miller Weissler               (admitted pro hac vice)
  Alhadeff & Sitterson, P.A.                 Michael.Powell@cwt.com
150 West Flagler Street                      Danielle V. Tully, Esq.
Suite 2200                                   (admitted pro hac vice)
Miami, FL 33130                              Danielle.Tully@cwt.com
Telephone:  (305) 789-3200                   Cadwalader, Wickersham & Taft, LLP
Facsimile:  (305 789-3395                    200 Liberty Street
                                             New York, NY 10281
Attorneys for Defendant Brother              Ph:  (212) 504-6731

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2016 a true and correct copy of the foregoing document was filed with the Clerk of the Court.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or by email.

  */s/ Darrell Payne*_____
  Darrell Payne

**SERVICE LIST**

*Symbology Innovations, LLC* V. *Brother International Corporation*
Case No. 0:16-cv-61729-DPG
United States District Court, Southern District of Florida

| | |
|---|---|
| *(via CM/ECF)*<br>Jerold Ira Schneider, Esq.<br>Jerold.schneider@sriplaw.com<br>Joel Benjamin Rothman, Esq.<br>Joel.rothman@sriplaw.com<br>Kevin Edward Cudlipp, Esq.<br>Kevin.cudlipp@sriplaw.com<br>Schneider Rothman Intellectual Property Law<br>Group, PLLC<br>4651 North Federal Highway<br>Boca Raton, FL 33431<br>(561) 404-4350 office<br><br>*Attorneys for Plaintiff* | |